KAREN P. HEWITT
United States Attorney
CINDY M. CIPRIANI
Assistant U.S. Attorney
Deputy Chief, Civil Division
California State Bar No. 144402
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7390
Facsimile: (619) 557-5004
Email: cindy.cipriani@usdoj.gov

Attorneys for Defendant
United States of America

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO LORENZO, an individual, and FABIOLA KUNIE LORENZO, an individual,<br><br>Plaintiffs<br><br>v.<br><br>UNITED STATES OF AMERICA; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 09CV1803 DMS (WMc)<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS<br><br>Date:   January 22, 2010<br>Time:   1:30 p.m.<br>Ctrm:   10<br>Judge:  Hon. Dana M. Sabraw |

I

INTRODUCTION

The instant action arises out of the Government's alleged release of a video depicting a shooting incident at the United States border.  Plaintiff Arturo Lorenzo, the Border Patrol agent involved in the shooting, alleges that negligent dissemination of the video injured his reputation, thereby damaging him and his wife, Plaintiff Fabiola Lorenzo.  Defendant here moves to dismiss the First Amended Complaint on the grounds that the Court lacks jurisdiction over nearly all of the asserted claims.  Moreover, as further explained below, several causes of action fail to state a claim as a matter of law.

///

II

FACTUAL BACKGROUND

On March 26, 2007, on the banks of the All-American canal, Border Patrol agent Arturo Lorenzo fatally shot an illegal immigrant smuggler while on duty with the United States Border Patrol El Centro Sector.  See First Amended Complaint at p.3, ¶14.  The smuggler had picked up a rock and raised his arm, causing Lorenzo to discharge his rifle, striking the smuggler in the chest and killing him.  Id. Plaintiffs allege that the agency's Remote Video Surveillance System camera captured the shooting on a video, which was  later enhanced to add relevant details, including Arturo Lorenzo's name.  Id. at pp.3-4, ¶¶15-17.

Plaintiffs allege that unknown individuals within the Department of Homeland Security intentionally disclosed the video outside the agency.  Id. at p.4, ¶ 18.  They assert that it eventually appeared on the Internet and various news programs.  Id. at ¶19.  Agent Lorenzo claims he suffered various threats and emotional distress due to the video's publication.  Id. at ¶20.  He and his wife, Plaintiff Fabiola Lorenzo, assert six causes of action: (1) Violation of the Privacy Act, 5 U.S.C. § 552a(b); (2) Invasion of Privacy – Public Disclosure of Private Facts; (3) Invasion of Privacy – Portraying Plaintiffs in a False Light; (4) Invasion of Privacy – Intrusion into Private Affairs; (5) Negligent Supervision; and (6) Negligent Infliction of Emotional Distress.  As more fully set forth below, however, none of Plaintiffs' claims are viable.

III

DISCUSSION

A.       THE APPLICABLE LEGAL STANDARD

A motion to dismiss is proper under Rule 12(b)(1) where the plaintiff cannot establish subject matter jurisdiction.  A Rule 12(b)(1) motion may either attack the allegations of the complaint or may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact.  Thornhill Publishing Co. v. Gen'l Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979).  The burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction.  Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995).

///

2

1    A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint.  A

2    motion to dismiss for failure to state a claim is in order when a plaintiff fails to state a set of facts that,

3    if proved, would entitle him to relief.  Fed. R. Civ. Proc. 12(b)(6); Fox v. Sierra Development Co., 876

4    F. Supp. 1169, 1171 (D.Nev. 1995).  It is also appropriate where the complaint demonstrates "the lack

5    of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

6    Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988) (citing Robertson v. Dean Witter

7    Reynolds, 749 F.2d 530, 533-34 (9th Cir. 1984)).

8          B.      ALL OF PLAINTIFFS' COMMON LAW TORT CLAIMS
                   SHOULD BE DISMISSED WITH PREJUDICE DUE TO
9                  LACK OF SUBJECT MATTER JURISDICTION

10    Federal courts are courts of limited jurisdiction.  They are presumed to lack jurisdiction in any

11   given case unless the contrary affirmatively appears.  See General Atomic Co. v. United Nuclear Corp.,

12   655 F.2d 968, 969 (9th Cir. 1981); People of the State of California ex rel. Younger v. Andrus, 608 F.2d

13   1247, 1249 (9th Cir. 1979).  The Ninth Circuit has emphasized that "the party seeking to invoke the

14   jurisdiction of the federal court has the burden of establishing that jurisdiction exists."  Data Disc, Inc.

15   v. Systems Technology Associates, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).

16    The United States is immune from suit absent an express waiver of its sovereign immunity, "and

17   the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."

18   United States v. Mitchell, 445 U.S. 535, 538 (1980), quoting United States v. Sherwood, 312 U.S. 584,

19   586 (1941); see also United States v. Testan, 424 U.S. 392, 399 (1976).  While Congress has waived

20   sovereign immunity for the torts of its employees under certain circumstances outlined in the FTCA,

21   that waiver of immunity extends only to damages or injuries "caused by the negligent or wrongful act

22   or omission of any employee of the Government while acting within the scope of his office or

23   employment, under circumstances where the United States, if a private person, would be liable to the

24   claimant."  See 28 U.S.C. § 1346(b)(1).  Congress expressly limited this waiver of immunity through

25   exceptions stated in 28 U.S.C. § 2680; if a tort claim falls within one of the exceptions of Section 2680,

26   the district court lacks subject matter jurisdiction and dismissal pursuant to Fed.R.Civ.P. 12(b)(1) is

27   appropriate.  Doe v. U.S., 83 F.Supp.2d 833, 836 (S.D.Tex.,2000); see also, Truman v. United States,

28   26 F.3d 592, 594 (5th Cir.1994). Moreover, "the exceptions that do appear in the FTCA must be strictly

3

construed in favor of the government." <u>Atorie Air, Inc. v. Federal Aviation Admin.</u>, 942 F.2d 954, 958 (5th Cir.1991).

Notably, Section 2680 contains an "intentional tort" exception, which clarifies that no waiver of immunity exists as to "any claim arising out of ... abuse of process, libel, slander, misrepresentation, deceit or interference with contractual rights..." 28 U.S.C. § 2680(h).  In determining whether a claim is one "arising out of" any of the enumerated torts, the Court must focus "on the conduct upon which plaintiff's claim is based." <u>Sheehan v. United States</u>, 896 F.2d 1168, 1171 (9th Cir.), amended, 917 F.2d 424 (1990); <u>see also</u> <u>Mt. Homes, Inc., v. United States</u>, 912 F.2d 352, 356 (9th Cir. 1990) (court looks beyond plaintiff's characterization to the conduct on which claim is based).  If the conduct upon which the plaintiff rests his claim constitutes one of the enumerated torts, as it is traditionally defined, the claim is barred by section 2680(h). <u>Sheehan</u>, 896 F.2d at 1171; <u>Thomas-Lazear v. F.B.I.</u>, 851 F.2d 1202, 1207 (9th Cir. 1988) (rejecting claim for negligent infliction of emotional distress that was actually based on conduct constituting slander).

Under relevant California law, a claim for false light invasion of privacy requires publicity which places the plaintiff in false light in the public eye (see, e.g., <u>Briscoe v. Reader's Digest Association, Inc.</u>, 4 Cal.3d 529 [93 Cal. Rptr. 866, 483 P.2d 34, 57 A.L.R.3d 1]).  Thus, an element that the information disclosed was false or misrepresented is necessary for a claim of false light invasion of privacy to stand.  Accordingly, courts have repeatedly held that false light privacy actions are covered by the libel-slander-misrepresentation exception and are not actionable against the United States. <u>See</u> <u>Edmonds v. U.S.</u>, 436 F.Supp.2d 28, 35 (D.D.C. 2006) (plaintiff's claim for "false light" invasion of privacy dismissed for lack of subject matter jurisdiction under FTCA libel and slander exception ); <u>Johnson v. Sawyer</u>, 47 F.3d 716, 732 n.34 (5th Cir. 1995) (en banc) (explaining that "false light invasion of privacy essentially amounts to libel, slander, or misrepresentation" and that such claims are excluded from the FTCA by § 2680(h)); <u>Metz v. United States</u>, 788 F.2d 1528, 1535 (11th Cir. 1986) (dismissing false light privacy claim because "the government officials' allegedly slanderous statements" were essential to the claim, barring it under the slander exception); <u>Hobdy v. United States</u>, 762 F. Supp. 1459, 1462 (D. Kan. 1991) (claim of false light invasion of privacy "arises out of conduct which allegedly involves the communication of false statements" and is barred by § 2680(h)), <u>aff'd</u>, 968 F.2d 20 (10th Cir. 1992);

4

1  Bosco v. U.S. Army Corps. of En'rs, 611 F. Supp. 449, 452-53 (N.D. Tex. 1985) (dismissing false light

2  invasion of privacy claim because it was in substance a defamation claim); Kugel v. United States, 947

3  F.2d 1504 (D.C.Cir.1991) ("Claims, no matter how they are described by a plaintiff, based on

4  dissemination of defamatory information pertaining to a federal investigation are barred by the

5  libel/slander exemption.").

6       In the instant case, Plaintiffs' third claim for false light invasion of privacy arises from the torts

7  of libel, slander, misrepresentation, and deceit.  California courts have largely collapsed "false light"

8  causes of action into libel. See, e.g., M.G. v. Time Warner, Inc., 89 Cal.App.4th 623, 636, 107

9  Cal.Rptr.2d 504 (2001) ("A 'false light' claim, like libel, exposes a person to hatred, contempt, ridicule,

10  or obloquy and assumes the audience will recognize it as such."); Solano v. Playgirl, Inc., 292 F.3d

11  1078, 1083 (9th Cir. 2002), citing Selleck v. Globe Int'l, 166 Cal.App.3d 1123, 212 Cal.Rptr. 838, 845

12  (1985) ("An action for invasion of privacy by placing the plaintiff in a false light in the public eye is in

13  substance equivalent to a libel claim.").  In essence, the Plaintiffs allege that the shooting video falsely

14  portrayed Agent Lorenzo as a cold-blooded killer.  They assert that Defendants "knew the publication

15  would create a false impression about [Plaintiffs] and/or acted with reckless disregard for the truth;

16  and/or . . . were negligent in determining the truth of the information or whether a false impression

17  would be created by the publication." See First Amended Complaint ¶46. Because the third cause of

18  action arises from the precluded torts of libel and slander, the claim is barred under § 2680(h) and is not

19  properly before the Court.

20       Likewise, Plaintiffs' remaining common law tort claims, whether labeled as negligent infliction

21  of emotional distress, negligent supervision, public disclosure of private facts, or intrusion into private

22  affairs, are barred because they all rely on the assertion is that Arturo Lorenzo was portrayed in a

23  negative manner to the public.  This case is similar to Doe v. United States, 83 F.Supp.2d 833 (S.D. Tex.

24  2000), in which plaintiffs alleged that government publication, on a web page, of false information about

25  Plaintiffs caused damages.  The Doe plaintiffs asserted claims for public disclosure of private facts and

26  infliction of emotional distress.  The district court dismissed the complaint under 28 U.S.C. § 2680(h),

27  emphasizing that the nature of plaintiffs' injuries brought the claims under the exemption to sovereign

28  immunity:

1    The Court begins by noting that all of Plaintiffs' alleged injuries flow exclusively
2    from the government's publication, on a web page, of false information about the
     Plaintiffs. Plaintiffs' damages arise from reputational injuries, embarrassment, and
3    personal humiliation. Such claims "resound in the heartland of the tort of defamation;
     the injury is to reputation; the conduct is the communication of an idea, either implicitly
4    or implicitly." Jimenez-Nieves v. U.S., 682 F.2d 1, 6 (1st Cir.1982) (libel/slander
     exception to FTCA barred plaintiff's claim for damages because Social Security
5    Administration's actions in dishonoring checks implicitly communicated defamatory
     statements).

6    Doe, 83 F. Supp at 837.

7         The Doe analysis applies with equal force here.  All of Plaintiffs' injuries flow from the

8    government's alleged publication of a shooting video that contained a false impression of Plaintiff

9    Arturo Lorenzo.  As such, all of their common law claims should be dismissed due to the exemption in

10   28 U.S.C. § 2680(h).

11        C.    THE NEGLIGENT SUPERVISION CLAIM IS ALSO BARRED
                BY THE DISCRETIONARY FUNCTION EXCEPTION
12

13        Under California law, an employer "may be liable to a third person for the employer's

14   negligence in hiring or retaining an employee who is incompetent or unfit." Delfino v. Agilent Techs,

15   Inc., 145 Cal. App. 4th 790, 815 (2006) (quotation omitted).  Here, however, sovereign immunity bars

16   Plaintiff's negligent supervision claim.  Although the FTCA waives the United States' sovereign

17   immunity for some tort actions, as discussed above certain claims are excepted from the waiver.  See

18   28 U.S.C. § 2680.  In particular, sovereign immunity is not waived for "any claim . . . based upon the

19   exercise or performance or the failure to exercise or perform a discretionary function or duty on the part

20   of a federal agency or employee."  28 U.S.C. § 2680(a).  If the alleged negligence arises from

21   discretionary conduct, the district court lacks subject matter jurisdiction over the claim.  Bibeau v. Pac.

22   Nw. Research Found., Inc., 339 F.3d 942, 945 (9th Cir. 2003).

23        The Supreme Court applies a two-part test to determine the applicability of section 2680(a).  See

24   Berkovitz v. United States, 486 U.S. 531 (1988).  First, the court must determine whether the challenged

25   conduct involves an element of judgment or choice.  Id. at 536.  Second, if the conduct involves an

26   element of choice, the court must determine whether the conduct implicates social, economic, and

27   political considerations.  Id. at 536-37.  The Ninth Circuit has repeatedly recognized the discretionary

28   ///

6

1    nature of decisions regarding employee supervision, hiring, and retention.  See, e.g., Nurse v. United

2    States, 226 F.3d 996, 1001-02 (9th Cir. 2000).  In Nurse, the court affirmed dismissal with prejudice of

3    claims for negligent and reckless employment, supervision and training of United States Customs

4    personnel because "[t]hese acts fall squarely within the discretionary function exception."  Id.  Decisions

5    regarding hiring or supervision of government personnel involve the type of economic and policy

6    judgments Congress intended the discretionary function doctrine to shield.  See Vickers v. United States,

7    228 F.3d 944, 950 (9th Cir. 2000) (affirming summary judgment for the United States on negligent

8    supervision claim because the Immigration and Naturalization Service's decision to excuse an employee

9    from a training class involved a judgment subject to the discretionary function exception); Gager v.

10   United States, 149 F.3d 918, 921-22 (9th Cir. 1998) (affirming summary judgment for United States on

11   negligent supervision claim because decisions regarding supervision and training fall within the

12   discretionary function exception).  Here, as in Nurse, Vickers, and Gager, the agency's supervision of

13   its personnel involves the exercise of discretionary functions, and therefore sovereign immunity has not

14   been waived.   Accordingly, Plaintiff's negligent supervision claim cannot proceed.

15          D.      THE COMPLAINT FAILS TO STATE A VIABLE INVASION OF PRIVACY CLAIM

16          In addition to the jurisdictional hurdles described above, Plaintiffs' factual allegations do not

17   support their invasion of privacy claims.  Plaintiffs' second claim, for example, alleging publication of

18   private facts, is fatally flawed.  To state a cognizable claim for a privacy invasion by publication of

19   private facts, a plaintiff must show: (1) a public disclosure; (2) of a private fact; (3) which would be

20   offensive and objectionable to the reasonable person; and (4) which is not of legitimate public concern.

21   Taus v. Loftus, 40 Cal.4th 683, 717, 54 Cal.Rptr.3d 775, 801 - 802 (2007).  In discussing the fourth

22   element, the California Supreme Court has explained that "lack of newsworthiness is an element of the

23   'private facts' tort, making newsworthiness a complete bar to common law liability."  Id., citing

24   Shulman v. Group W Productions, 18 Cal.4th 200, 215, 74 Cal.Rptr.2d 843 (1998).  Here, Plaintiffs do

25   not allege publication of a private fact.  To the contrary, they challenge the dissemination of information

26   regarding the highly public matter of violence at the U.S. border.  The public nature of the subject

27   incident is underscored by Plaintiffs' admission that the shooting was referenced in 12,800 internet

28   items and appeared on Mexican news stations, Mexican publications, and various domestic television

                                                      7

1  news shows, including "Hannity's America" and "Geraldo at Large."  See First Amended Complaint

2  at p.4, ¶19.  This clear concession of newsworthiness defeats the publication claim.

3       Plaintiffs' third claim fares no better.  Under California law, a false light claim necessarily

4  requires the invasion of some type of privacy interest.  Cort v. St. Paul Fire and Marine Ins. Companies,

5  Inc.,311 F.3d 979, 987 (9th Cir. 2002).  The Plaintiffs cannot show how their privacy was implicated

6  or invaded by news coverage of a matter of public concern that occurred in a public place where

7  Plaintiffs had no expectation of privacy.

8       Plaintiffs' fourth claim for unreasonable intrusion into private affairs is also legally deficient.

9  In California , which has adopted the formulation set forth in Section 652B of the Restatement (Second)

10  of Torts, this cause of action has two elements: (1) intrusion into a private place, conversation or matter;

11  (2) in a manner highly offensive to a reasonable person."  Shulman, supra, 18 Cal.4th at p. 231, 74

12  Cal.Rptr.2d 843.  As the Court in Shulman observed, to prove actionable intrusion, "the plaintiff must

13  show the defendant penetrated some zone of physical or sensory privacy surrounding, or obtained

14  unwanted access to data about, the plaintiff.  The tort is proven only if the plaintiff had an objectively

15  reasonable expectation of seclusion or solitude in the place, conversation or data source."  Id. at p. 232,

16  74 Cal.Rptr.2d 843.  The instant complaint fails to satisfy the test set forth in Shulman.  It does not

17  allege government intrusion into a private place, conversation or matter, but rather dissemination of

18  information involving an incident that occurred on government property and that is the subject of intense

19  public interest.  As such, the cause of action fails.

20       E.       PLAINTIFF FABIOLA LORENZO'S PRIVACY ACT CLAIM LACKS MERIT

21       While both Plaintiffs have asserted claims under the Privacy Act, Fabiola Lorenzo lacks standing

22  to assert a statutory privacy claim because only an "individual" whose record has been disclosed by an

23  agency has a cause of action under the Privacy Act for disclosure of that record.  5 U.S.C. § 552a(g)(4).

24  See, e.g., Wilkinson v. FBI, 99 F.R.D. 148, 156 (C.D. Cal. 1983) (holding that each member of class

25  in Privacy Act suit would have to introduce the government document(s) in which his or her name

26  appears); Grace v. Dep't of Navy, 2001 U.S. Dist. LEXIS 12465 (N.D. Cal. Aug. 10, 2001) (holding

27  that son lacked standing to sue for FOIA/Privacy Act violations against his father).  The First

28  ///

1   Amended Complaint fails to allege that the Government disclosed personal information about Fabiola

2   Lorenzo.  Accordingly, she cannot show her rights under the Privacy Act were violated.

3           F.        CLAIMS AGAINST DOE DEFENDANTS MUST BE DISMISSED

4           Finally, "Does 1-50," identified as potential defendants, are not proper party defendants as to

5   the statutory claim.  The civil remedy provisions of the Privacy Act do not apply against private

6   individuals, state agencies, private entities, or state and local officials.  Unt v. Aerospace Corp., 765

7   F.2d 1440,1447 (9th Cir. 1985).  Because "Does 1-50" are necessarily individual government officials,

8   they should be dismissed as party defendants.

9                                                    IV

10                                              CONCLUSION

11          For the foregoing reasons, Defendant United States respectfully urges the Court to dismiss with

12   prejudice all claims except Plaintiff Arturo Lorenzo's statutory Privacy Act claim.

13   DATED: November 24, 2009                KAREN P. HEWITT
                                             United States Attorney
14
                                             s/Cindy Cipriani
15
                                             Cindy M. Cipriani
16                                           E-Mail cindy.cipriani@usdoj.gov
                                             Counsel for Defendant
17                                           United States of America

18

19

20

21

22

23

24

25

26

27

28

09CV1803