# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO LORENZO, et al.,<br><br>                       Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>                       Defendant. | CASE NO. 09CV1803 DMS (WMc)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. 12] |

Pending before the Court is Defendant's motion to dismiss Plaintiffs' First Amended Complaint ("FAC"). The matter came on for hearing on January 29, 2010. Theresa Bowen appeared on behalf of Plaintiffs, and Cindy Cipriani appeared on behalf of Defendant. For the reasons set forth below, the motion is granted in part and denied in part.

## I.
## BACKGROUND

On March 26, 2007, Plaintiff Arturo Lorenzo, a Border Patrol agent, was involved in an altercation at the United States border near Calexico, California. During the altercation, an illegal immigrant smuggler picked up a large rock and prepared to throw it at Lorenzo. Lorenzo discharged his rifle, struck the smuggler in the chest and killed him. (FAC, ¶ 14.)

Plaintiffs allege the incident was captured on video by a Remote Video Surveillance System camera. (*Id.* at ¶ 15.) Plaintiffs allege that unknown employees of the Customs and Border Protection

Agency ("CBP") altered the video to add Lorenzo's name and rank and seal of the Department of Homeland Security, "enhanced" the incident, and then released the video outside the CBP. (*Id.* at ¶¶ 17-18.) The video was widely-circulated on the internet and aired on television during several news programs. (*Id.* at ¶ 19.) As a result of this publicity, Lorenzo and his wife, Plaintiff Fabiola Lorenzo, allege they suffered death threats, contempt, ridicule, financial and emotional distress and harm to their reputations. (*Id.* at ¶ 20.) Plaintiffs and their children were forced to relocate to Florida for safety reasons, causing Fabiola Lorenzo to give up a thriving insurance business. (*Id.* at ¶¶ 20, 25.)

On November 14, 2008, Plaintiffs served on Defendant a Claim for Damage, Injury, or Death, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2617 et seq. (*Id.* at ¶ 12.) Defendant denied the claim. (*Id.* at ¶ 12.) Plaintiffs filed their original complaint in this Court on August 19, 2009, and their FAC on November 3, 2009. Plaintiffs assert six claims against the United States: 1) Violation of the Privacy Act, 5 U.S.C. § 552a; 2) Invasion of Privacy - Public Disclosure of Private Facts; 3) Invasion of Privacy - False Light; 4) Invasion of Privacy - Intrusion into Private Affairs; 5) Negligent Supervision; and 6) Negligent Infliction of Emotional Distress.

Defendant filed the instant motion on November 24, 2009. Plaintiff filed an opposition (Doc. 14), and Defendant filed a reply (Doc. 15).

## II.

## LEGAL STANDARDS

Defendant moves to dismiss Plaintiffs' claims under Rules 12(b)(1) and 12(b)(6). Under Rule 12(b)(1), dismissal is appropriate where there is no subject matter jurisdiction over the claim. A Rule 12(b)(1) motion "may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." *Thornhill Pub. Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Plaintiffs bear the burden of proving subject matter jurisdiction. *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). The reviewing court must therefore "identify the allegations in the complaint that are not entitled to the assumption of truth" and evaluate "the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

## II.

## DISCUSSION

Defendant raises several arguments in its motion to dismiss: 1) that all of Plaintiffs' tort claims are barred by the "intentional tort" exception to the waiver of sovereign immunity; 2) the negligent supervision claim is barred by the discretionary function exception to the waiver of sovereign immunity; 3) the FAC fails to state a claim for invasion of privacy; 4) Fabiola Lorenzo lacks standing to pursue a statutory privacy claim; and 5) the Doe defendants are not proper party defendants to the statutory privacy claim.

**A.   Sovereign Immunity - Intentional Tort Exception**

Pursuant to the FTCA, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages." 28 U.S.C. § 2674. This waiver of sovereign immunity, however, is subject to numerous exceptions. In this case, Defendant first relies on the exception set out in 28 U.S.C. § 2680(h), which maintains sovereign immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights..." 28 U.S.C. § 2680(h). Defendant argues that all of Plaintiffs' claims arise out of conduct amounting to libel, slander, misrepresentation, or deceit, and therefore the claims fall within

this exception.

The intentional torts exception to the FTCA is strictly construed. *Sheehan v. United States*, 896 F.2d 1168, 1170 ("[there] is no justification for this Court [or any court] to read exemptions into the [Federal Tort Claims] Act beyond those provided by Congress.") (quoting *Rayonier v. United States*, 352 U.S. 315, 320 (1957)). Nonetheless, claims not specifically enumerated in § 2680(h) may be barred if the conduct on which a plaintiff's claims is based amounts to one of the enumerated torts. *Sheehan*, 896 F.2d at 1170-71. The label used by the plaintiff is not determinative of whether a claim is barred. *Id.*; *Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1207. If one aspect of the conduct is barred, a claimant may nonetheless sustain claims arising out of other aspects of the conduct. *See Block v. Neal*, 460 U.S. 289, 298 ("Neither the language nor history of the [FTCA] suggests that when one aspect of the Government's conduct is not actionable under the "misrepresentation" exception, a claimant is barred from pursuing a distinct claim arising out of other aspects of the Government's conduct."); *Sheehan*, 896 F.2d at 1171 ("If, however, the aspect of the conduct upon which plaintiff relies did not constitute an assault, suit is not barred even though another aspect of that conduct may have been assaultive.").

### 1. *Invasion of Privacy – False Light*

Courts have held that false light invasion of privacy claims are barred by the libel and slander exception to the FTCA. *See Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) ("Courts have consistently held that claims for 'false light' invasion of privacy are barred by the libel and slander exception."); *Johnson v. Saywer*, 47 F.3d 716, 732 n.34 (5th Cir. 1995) (noting that false light invasion of privacy claim would be barred under the FTCA); *Metz v. United States*, 788 F.2d 1528, 1535 (11th Cir. 1986) (barring false light invasion of privacy and intentional infliction of emotional distress claims based on allegedly slanderous statements).

Plaintiffs argue that the surveillance video placed Arturo Lorenzo in a false light because it was unfairly edited by omitting relevant events leading up to the deadly encounter, thus portraying Arturo Lorenzo as a murderer rather than as one acting legitimately in self defense. False light invasion of privacy requires a public disclosure, which places plaintiff in a false light in a manner highly offensive to a reasonable person. *Fellows v. National Enquirer*, 42 Cal. 3d 234, 238 (1986); Rest. 2d Torts §

652E. Similarly, libel is a "false and unprivileged publication...which exposes any person to hatred, contempt, ridicule..." Cal. Civ. Code § 45. Defendant correctly argues that in California, false light invasion of privacy is equivalent to libel. *Cort v. St. Paul Fire & Marine Ins. Co.*, 311 F.3d 979, 987 (9th Cir. 2002) ("California courts have largely collapsed 'false light' causes of action into libel.") (citing *M.G. v. Time Warner, Inc.*, 89 Cal. App. 4th 623, 636 (2001) ("A 'false light' claim, like libel, exposes a person to hatred, contempt, ridicule, or obloquy and assumes the audience will recognize it as such.")). Because Plaintiffs argue that the video places Arturo Lorenzo in a false light, the conduct on which the claim is based amounts to one of the torts enumerated in § 2680(h): libel. Therefore, Plaintiffs' false light invasion of privacy claim is barred.

### 2. *Plaintiffs' Remaining Tort Claims*

Defendant argues that the remaining torts of negligent infliction of emotional distress, negligent supervision, public disclosure of private facts, and intrusion into private affairs, are barred because they rely on the assertion that Arturo Lorenzo was portrayed in a negative manner to the public. The remaining claims, however, are not dependent upon an assertion of falsity or false light. Rather, the claims are based on Defendant's (a) editing of the video footage to add Arturo Lorenzo's name and seal of the Department of Homeland Security, and (b) improper dissemination. This alleged conduct does not amount to a claim of libel or slander because there is no allegation that the information in the video is untrue. *See Cort*, 311 F.3d at 985 ("An essential element of defamation is that the publication in question must contain a false statement of fact.") (quoting *Savage v. Pac. Gas & Elec. Co.*, 21 Cal. App. 4th 434, 444, 26 Cal. Rptr. 2d 305 (1993)).

Defendant argues that the remaining claims nevertheless collapse into libel or slander because Plaintiffs allege harm to their reputations. However, when determining whether § 2680(h) applies, the focus is on conduct, not damages. *Sheehan*, 896 F.2d at 1171. Further, invasion of privacy is a distinct tort from libel or slander. Invasion of privacy claims address "mental distress from having been exposed to public view," while defamation claims address damage to reputation through false statements. *Time, Inc. v. Hill*, 385 U.S. 374, 985 n. 9 (1967); *Cort*, 311 F.3d at 987 ("The right of privacy concerns one's own peace of mind, while the right of freedom from defamation concerns primarily one's reputation.") (quoting *Fairfield v. Am. Photocopy Equip. Co.*, 138 Cal. App. 2d 82,

86 (1955)). Plaintiffs allege they suffered death threats, ridicule, and emotional distress as a result of being thrust into the public eye. (FAC ¶ 20.) Since the conduct underlying the remaining claims is not based on libel, the claims are not barred by sovereign immunity.[1]

### B.      Sovereign Immunity - Discretionary Function Exception

Defendant next argues that Plaintiffs' claim for negligent supervision is barred by the discretionary function exception to the FTCA. This exception provides that sovereign immunity is not waived for "any claim...based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee." 28 U.S.C. § 2680(a). There is a two-step inquiry to determine whether the discretionary function exception applies. *Nurse v. United States*, 226 F.3d 996, 1001 (9th Cir. 2000). First, the court must determine whether the challenged conduct involves an element of judgment or choice. *Id.* (citing *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)). The element of judgment or choice is removed where a federal statute, regulation, or policy specifically prescribes a particular course of conduct. *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991). Second, if the conduct involves some element of choice, the court must determine whether the conduct implements social, economic or political policy considerations. *Nurse*, 226 F.3d at 1001.

Decisions relating to hiring, supervising, and training employees are discretionary. *Vickers v. United States*, 228 F.3d 944, 950 (9th Cir. 2000) ("[D]ecisions relating to the hiring, training, and supervision of employees usually involve policy judgments of the type Congress intended the discretionary function exception to shield."). Plaintiffs note that the handling of the surveillance video violated internal policies regarding the handling of public affairs. Plaintiffs cite to the Department of Homeland Security Office of Public Affairs Directive Number 2010, which states that the Office of Public Affairs shall coordinate the issuance of press statements, news releases, and interviews, and that authorized individuals who release information shall do so using due care. Plaintiffs argue that this

---

[1] The Court recognizes that Plaintiffs are in a difficult position with respect to their false light invasion of privacy claim. To the extent there are no false statements or impressions in the video, the conduct is not based in libel and is not barred by sovereign immunity. But in the absence of a false statement, a claim cannot be stated for false light invasion of privacy. Here, Plaintiffs argue the editing of the video portrayed Plaintiff in a false light; thus, the claim is in fact a libel-based claim and subject to dismissal on sovereign immunity grounds for the reasons set forth above.

and other internal policies prescribe a particular course of conduct, and therefore remove the element of judgment or choice.

These policies, however, do not prescribe a particular course of conduct for hiring and supervising employees. The FAC alleges that Defendant "hired employees whom they reasonably knew or should have known were incompetent or unfit and likely to cause harm, and negligently trained, retained, and supervised such employees." (FAC ¶ 58.) The internal policies regarding the handling of press issues does not prescribe the manner in which employees must be trained and supervised regarding such matters. Decisions regarding training and supervision of employees involves policy concerns, such as staffing and funding. Accordingly, the discretionary function exception applies to Plaintiffs' claim for negligent supervision and the claim is barred.

### C. Invasion of Privacy - Failure to State a Claim

#### 1. *Invasion of Privacy – Publication of Private Facts*

Defendant argues that Plaintiffs cannot state a claim for public disclosure of private facts because there was no publication of a private fact and because the border shooting was newsworthy. To state a claim for publication of private facts, plaintiff must show "(1) public disclosure (2) of a private fact (3) which would be offensive and objectionable to the reasonable person, and (4) which is not of legitimate public concern." *Shulman v. Group W Productions*, 18 Cal. 4th 200, 214 (1998). "[L]ack of newsworthiness is an element of the 'private facts' tort, making newsworthiness a complete bar to common law liability." *Id*. Accordingly, "the dissemination of truthful, newsworthy material is not actionable as a publication of private facts." *Id.* at 215.

A shooting at the border involving a law enforcement officer and an illegal alien is clearly a newsworthy event. The incident raised issues of legitimate public concern, such as illegal immigration, violence at the border, and whether reasonable force was used by law enforcement. The newsworthiness of the event is supported by allegations in the FAC: the video of the shooting was widely circulated on the internet, it appeared on Mexican news stations and Mexican publications, and it was aired domestically on news programs such as "Hannity's America" and "Geraldo at Large." (FAC ¶ 19.) Plaintiff Arturo Lorenzo is alleged to have acted in the course and scope of his duties as a law enforcement officer at the time of the shooting. His name, the location of the event, and the

events surrounding the altercation are not private matters. Accordingly, Plaintiffs' complaint fails to state a claim for publication of private facts.

### 2. *Invasion of Privacy – Intrusion into Private Affairs*

Defendant argues this claim fails because Plaintiffs do not allege a government intrusion into a private place. Plaintiffs argue they alleged a reasonable expectation of privacy in the internal documentation of Arturo Lorenzo's job duties, including the shooting at issue and his identity as a law enforcement officer engaging in those duties. A claim for intrusion into private affairs contains two elements: 1) intrusion into a private place, conversation or matter, and 2) in a manner highly offensive to a reasonable person. *Shulman*, 18 Cal. 4th at 232. In order to show intrusion, a plaintiff must have "an objectively reasonable expectation of seclusion or solitude in the place, conversation or data source," and the defendant must have "penetrated some zone of physical or sensory privacy surrounding, or obtained unwanted access to data about, the plaintiff." *Id.*

Plaintiffs provide no support for the argument that they have a reasonable expectation of privacy in Arturo Lorenzo's job duties and his identity as the shooter. Although the incident occurred in a remote location along the border, it is undisputed that it occurred in a public place and that Plaintiff was acting within the scope of his official duties. Because there is no intrusion into a private place, conversation, or matter, Plaintiffs' claim fails.[2]

### D. **Privacy Act Claim**

Defendant argues that Plaintiff Fabiola Lorenzo lacks standing to pursue a statutory privacy act claim because only an individual whose record has been disclosed by an agency possesses such a claim. Plaintiffs argue the statute does not limit relief to the individual whose record has been disclosed and that Fabiola suffered adverse effects from the disclosure of the record.

Under the Privacy Act, "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains." 5 U.S.C. § 552a(b). When an agency fails to comply with the Privacy Act provisions "in such a way

---

[2] Because the privacy claims cannot be cured by amendment, the Court dismisses the claims with prejudice. *See Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Similarly, the claims barred by sovereign immunity are dismissed with prejudice.

as to have an adverse effect on an individual, the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection." *Id.* at § 552a(g)(1)(D).

It is clear from the allegations in the FAC that the disclosed record pertains solely to Arturo Lorenzo, not Fabiola. There is no allegation that any record involving Fabiola was disclosed. Instead, Plaintiffs argue that Fabiola can recover for adverse effects she suffered based on the improper disclosure of her husband's record. Plaintiffs do not provide any authority to support their position. Plaintiffs cite to a California case in which the court found that although the right to privacy is a personal one, it may extend to family members where their own privacy is also invaded. *Vescovo v. New Way Enterprises, Ltd.*, 60 Cal. App. 3d 582, 588 (1976). This is not persuasive as the instant matter involves a federal statutory claim.

At least two cases have reviewed the statute in question. In *Wilkinson v. FBI*, 99 F.R.D. 148, 154 (C.D. Cal. 1983), the court, citing legislative history, held that the statute protected "only those persons who are wrongfully identified in government records." The court denied class certification on § 552a claims because class members would have to individually produce documents on which their names appeared. *Id.* at 155. Likewise, the Eighth Circuit has stated that the remedy for a Privacy Act violation "is vested by statute in the individual whose records were improperly released." *Word v. United States*, 604 F.2d 1127, 1129 (8th Cir. 1979).

The Court agrees. The Privacy Act provides individuals with greater control over their own records and personal information: only individuals identified in the record can request the record or consent to its dissemination. 5 U.S.C. § 552a(b). It follows that only the individual identified in the record can state a claim for violation of the statute. Therefore, Fabiola Lorenzo lacks standing to pursue a statutory privacy act violation.

### E. Doe Defendants

Defendant argues that Doe defendants are not proper parties to the statutory claim. Since the Court has declined to dismiss the claim for negligent infliction of emotional distress, Defendant's motion is denied on this ground.

///

## III.

## CONCLUSION

For the reasons stated above, the Court grants in part and denies in part Defendant's motion to dismiss, as follows: the claims for invasion of privacy – false light and negligent supervision are barred by sovereign immunity; Plaintiffs fail to state claims for invasion of privacy – public disclosure of private facts, and invasion of privacy – intrusion into private affairs; Fabiola Lorenzo lacks standing to pursue a statutory privacy act claim; and Plaintiffs have stated a claim for negligent infliction of emotional distress claim. Arturo Lorenzo's statutory privacy act claim remains, as it is not challenged by the present motion.

**IT IS SO ORDERED.**

DATED: February 2, 2010

_____
HON. DANA M. SABRAW
United States District Judge